IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-235-D
No. 5:16-CR-636-D

JOSE EMILIO OLIVERAS-SANTOS, )
)
Petitioner, )
)
v. )   **ORDER**
)
UNITED STATES OF AMERICA )
)
Respondent. )

On December 16, 2014, pursuant to a plea agreement, Jose Emilio Oliveras-Santos ("Oliveras-Santos"), pleaded guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (crystal meth) in violation of 21 U.S.C. § 846 (count one) and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (count three). See [D.E. 1, 33, 35]. On May 21, 2015, the court held Oliveras-Santos's sentencing hearing. See [D.E. 52]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Oliveras-Santos's total offense level to be 35, his criminal history category to be I, and his advisory guideline range to be 168 to 210 months' imprisonment on count one and 60 months' consecutive imprisonment on count three. See [D.E. 57] 1. After granting the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Oliveras-Santos to 96 months' imprisonment on count one and 36 months' imprisonment on count three, to run consecutively. See [D.E. 56] 3. Oliveras-Santos did not appeal.

On June 30, 2016, Oliveras-Santos moved for a sentence reduction under 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551( 2015). See [D.E. 60]. On December 2, 2016, the government moved to dismiss Oliveras-Santos's motion for failure to state a claim upon which relief can be granted [D.E. 64] and filed a supporting memorandum [D.E. 65].

Oliveras-Santos cannot use Johnson retroactively to challenge his advisory guideline range. See, e.g., Beckles v. United States, 137 S. Ct. 886, 895–97 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Moreover, Oliveras-Santos's sentence had nothing to do with the residual clause, the Armed Career Criminal Act, or the career offender guideline. Thus, Johnson provides no relief.

After reviewing the claim presented in Oliveras-Santos's motion, the court finds that reasonable jurists would not find the court's treatment of Oliveras-Santos's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 64], DISMISSES Oliveras-Santos's section 2255 motion [D.E. 60], and DENIES a certificate of appealability.

SO ORDERED. This 29 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge